IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE ARNOLD, | : | |
|     Plaintiff | : | No. 1:25-cv-01740 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| BRADLEY BOOHER, | : | |
|     Defendant | : | |

## MEMORANDUM

Currently before the Court are a complaint, an application for leave to proceed in forma pauperis ("IFP Application"), and a certified prisoner trust fund account statement filed by pro se Plaintiff Dale Arnold ("Arnold"). Prior to filing this complaint, Arnold already had two (2) pending civil rights actions in this District: (1) Banks v. Booher, No. 24-cv-00474 (M.D. Pa. filed Mar. 19, 2024) ("Banks"); and (2) Arnold v. Booher, No. 25-cv-01554 (M.D. Pa. filed Aug. 21, 2025) ("Arnold I"). His complaint in this case appears to be duplicative of the complaint in Banks, and it appears that he intended to file his IFP Application and account statement in Arnold I. Accordingly, the Court will dismiss Arnold's complaint as duplicative and direct the Clerk of Court to docket his IFP Application and account statement in Arnold I.

## I. BACKGROUND

Arnold, a convicted and sentenced state prisoner incarcerated at Pennsylvania State Correctional Institution Benner Township ("SCI Benner Twp."), is a co-plaintiff in Banks, a civil action in which he generally complains that SCI Benner Twp. Superintendent Bradley Booher ("Booher") and other employees of the Commonwealth of Pennsylvania Department of Corrections violated his constitutional rights by not providing him certain foods during a Native American religious event. See Banks, ECF No. 14. The Honorable Joseph R. Saporito is

presiding over this action, in which cross-motions for summary judgment are pending. See id., ECF Nos. 51, 56, 71.

In addition to Banks, Arnold filed a complaint against Booher in which he generally claims that his property was unlawfully seized and discarded by SCI Benner Twp. prison officials. See Arnold I, ECF No. 1. In Arnold I, which is assigned to the undersigned, an Administrative Order issued on August 21, 2025, directing Arnold to either remit the $405 filing fee or file an application for leave to proceed in forma pauperis within thirty (30) days or risk dismissal of the action. See id., ECF No. 7. To date, Arnold has not remitted the fee or sought leave to proceed in forma pauperis in this case.

Nevertheless, apparently in response to the Administrative Order issued in Arnold I, Arnold filed an application for leave to proceed in forma pauperis ("IFP Application") and a prisoner trust fund account statement in the United States District Court for the Eastern District of Pennsylvania. (Doc. Nos. 1, 3, 8, 9.)[1] However, he also submitted a completed civil rights complaint form in which he essentially repeated his allegations and claims from Banks. See (Doc. No. 2 at 2–5).[2] As such, the Eastern District treated Arnold's filing of a form complaint, his IFP Application, and his account statement as evidencing his intent to file a new civil case and, consequently, docketed those submissions in a new civil action. See (Doc. No. 5). A few days later, the Eastern District transferred the action to this Court, resulting in the opening of the above-captioned case. See (id.).

---

[1] The caption of Arnold's IFP Application references Arnold I, see (Doc. No. 8 at 5), and Arnold attaches a copy of the August 21, 2025 Administrative Order in Arnold I to the application. See (id. at 4).

[2] A handwritten letter Arnold submitted with the purported complaint also references Arnold I. See (id. at 1).

## II.  LEGAL STANDARD

### A.  Applications for Leave to Proceed in Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to commence a civil case "without prepayment of fees or security therefor," if the plaintiff "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[3]  See id.  This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit. Neitzke, 490 U.S. at 324, 109 S.Ct. 1827.

See Douris, 293 F. App'x at 131–32 (footnote omitted).

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence."  See Deutsch, 67 F.3d at 1084 n.5.  The Third Circuit Court of Appeals has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'"  See Mauro v. N.J. Supreme Ct. Case No. 56,900, 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).  Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of the litigation and provide themselves with the necessities of life.  See, e.g., Rewolinski v. Morgan, 896 F. Supp.

---

[3] While the Court recognizes that Arnold is incarcerated, "[t]he reference to prisoners in § 1915(a)(1) appears to be a mistake.  In forma pauperis status is afforded to all indigent persons, not just prisoners."  See Douris v. Middletown Twp., 293 F. App'x 130, 132 n.1 (3d Cir. 2008) (unpublished).

879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself and any dependents with the necessities of life is sufficient."); Jones v. State, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

      **B.**      **The Court's Screening of the Complaint Under 28 U.S.C. §§ 1915A and 1915(e)(2)**

Under 28 U.S.C. § 1915A, this Court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). The Court has a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . .").

In reviewing legal claims under Sections 1915A(b) or 1915(e)(2), the Court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1) [and] § 1915(e)(2)(B)(ii) . . . is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."), report and recommendation adopted, 2017 WL 3008559 (M.D. Pa. July 14, 2017); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when reviewing a complaint for possible dismissal pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under

4

Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" in the complaint to show that their claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id.; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Sections 1915A and 1915(e)(2). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In addition, in the specific context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Higgs v. Att'y Gen., 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a pro se litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Therefore, a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106). This means the court must "remain flexible, especially 'when dealing with imprisoned pro se litigants . . . .'" See Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013))).

Additionally, when construing a pro se complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." See Mala, 704 F.3d at 244. However, pro se litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" See Vogt, 8 F.4th at 185 (quoting Mala, 704 F.3d at 245).

## III. DISCUSSION

Based on the Court's review of Arnold's complaint, IFP Application, and certified account statement, it is not at all clear that Arnold intended to initiate a new civil case when he filed those documents in the Eastern District. He drafted his IFP Application in a manner strongly suggesting that he sought to file it in Arnold I. Moreover, Arnold I is subject to dismissal for Arnold's failure to pay the fee or seek leave to proceed in forma pauperis within thirty (30) days of the issuance of the August 21, 2025 Administrative Order. Applying the IFP Application to Arnold I would avoid this result.

Finally, had Arnold intended to file a new civil action, such an action would be duplicative of the complaint filed in Banks. Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Since both actions contain common questions of law and fact, and the Court seeks to avoid unnecessary cost or delay, which would include Arnold having to remit payments covering the $350 filing fee if the Court granted the IFP Application in this case, the Court will dismiss this action in its entirety.[4] See Segura v. Harry, No. 25-cv-01384, 2025 WL 2413897, at *2 (M.D.

---

[4] Should Arnold and his co-plaintiffs desire to take any action regarding the operative complaint in Banks, they may file an appropriate motion in that case.

Pa. Aug. 20, 2025) (dismissing complaint as duplicative under Rule 42(a)).  Additionally, the Court will direct the Clerk of Court to docket Arnold's IFP Application and account statement in Arnold I.

## IV.     CONCLUSION

For the reasons stated above, the Court will dismiss Arnold's complaint, direct the Clerk of Court to docket Arnold's IFP Application and account statement in Arnold I, and direct the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania